IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL RAY KING                                                                        PLAINTIFF

v.                                          Civil No. 6:18-CV-06104

LT. JACKSON, *et. al.*                                                                  DEFENDANTS

# ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court are Plaintiff's Motions for Transfer to a Different Arkansas Department of Correction ("ADC") Unit (ECF Nos. 12, 15), Motions for Extension of Time to File Second Amended Complaint (ECF Nos. 13, 16), and a Motion to Appoint Counsel (ECF No. 14).

In his first Motion requesting a transfer to a different ADC unit, Plaintiff states the Defendant in this case are at this Unit, and he is afraid they will retaliate against him out of spite. (ECF No. 12). In his second Motion, Plaintiff states Defendants are not permitting him to use the law library. (ECF No. 15). The administration of prisons is not within the province of the courts, except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an "unusually high risk of physical danger." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983). No such evidence exists in this case. The Court, therefore, does not have the authority to direct the ADC as to the specific housing of Plaintiff, and Plaintiff should continue to pursue administrative relief within the ADC in this regard. Plaintiff's Motions for Transfer to a Different Unit (ECF Nos. 12, 15) are **DENIED**.

Plaintiff's Motions for Extension of Time to File his Second Amended Complaint state he needs an extension because Defendants will not permit him to access the law library. (ECF Nos.

1

13, 16). The Court-approved Complaint form explicitly directs incarcerated Plaintiffs to avoid making legal arguments or citing to any legal authority. Instead, Plaintiffs are directed to describe the incidents they believe have violated their constitutional rights, providing as much factual detail as possible. Plaintiff, therefore, does not need access to a law library to complete the Complaint form. The Court will, however, **GRANT** Plaintiff's requests for an extension of time to submit his Second Amended Complaint. (ECF Nos. 13, 16). **Plaintiff's Second Amended Complaint is now due December 14, 2018.**

Plaintiff's Motion to Appoint Counsel (ECF No. 14) is **DENIED**. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. 1915(e)(1). The Court has considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff is capable of investigating and presenting this case. In considering these factors, the Court finds that the claims do not appear legally or factually complex, and Plaintiff is adequately prosecuting this case at this time. The Court finds Plaintiff is capable of prosecuting his claims without appointed counsel. At a later stage in the case, Plaintiff may again request appointment of counsel if Plaintiff believes the circumstances justify such an appointment.

IT IS SO ORDERED this 30th day of November 2018.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE