IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL RAY KING                                                                                    PLAINTIFF

v.                                          Civil No.: 6:18-CV-06104

LT. JACKSON, *et. al.*                                                                           DEFENDANTS

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on October 17, 2018. (ECF No. 1). On October 22, 2018, the Court entered an Order directing Plaintiff to submit his First Amended Complaint on the court-approved form for this District. (ECF No. 6). Plaintiff submitted his First Amended Complaint on November 13, 2018 (ECF No. 10), but he failed to obey the Court's Order directing him to submit it on the court-approved form. That same day, the Court entered a second Order directing Plaintiff to submit a Second Amended Complaint on the court-approved form by December 4, 2018. (ECF No. 11). In both Orders directing him to file an Amended Complaint, Plaintiff was advised that his case would be dismissed if he failed to submit the Amended Complaint by the specified deadline. (ECF Nos. 6, 11).

On November 29, 2018, Plaintiff filed a Motion requesting an extension of time to file his Second Amended Complaint, which was granted. (ECF Nos. 16, 17). Plaintiff was given until December 14, 2018, to file his Second Amended Complaint. (ECF No. 17). Plaintiff has failed to

1

submit his Second Amended Complaint, and he has not communicated with the Court since November 29, 2018.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 18th day of December 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE